**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**Tuesday, March 3, 2026 11:21:11 AM**
**CASE NUMBER: 2026 CV 01318 Docket ID: 458274201**
**Mike Foley**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

**JAMAR JOHNSON**
3303 Old Troy Pike
Dayton, OH 45404

     Plaintiff,

vs.

**MATTHEW P. BROWN**
(*Individually and in his official capacity as an employee of the Dayton Police Dept.*)
c/o Dayton Police Department
335 West Third Street
Dayton OH 45402

And

**CHIEF KAMRAN AFZAL**
(*Individually and in his official capacity as an employee and Chief of the Dayton Police Dept.*)
c/o Dayton Police Department
335 West Third Street
Dayton OH 45402

And

**CITY OF DAYTON, OHIO**
c/o Shelly Dickstein, City Manager
101 West Third Street
Dayton OH 45422

*Also serve at*:
c/o Barbara Doseck, City Attorney
101 West Third Street
Dayton OH 45422

And

\*  **Case No.:** _____

\*  **Judge:** _____

\*

\*

\*

\*  **COMPLAINT FOR PERSONAL**
    **INJURIES; WITH JURY DEMAND**
\*  **ENDORSED HEREON**

\*

\*

\*

\*

\*

\*

\*

\*

\*

\*

\*

\*

                                                                 \*

**JOHN and JANE DOES 1-10**
c/o Dayton Police Department        \*
335 West Third Street
Dayton OH 45402               \*

                                                                   \*

      Defendants.

---

## INTRODUCTION

1. This civil rights action challenges the gratuitous, excessive, and objectively unreasonable force used on July 24, 2025 against Jamar Johnson, who was in an alley, approximately at the 1100 block of French Lane near the intersection of North Williams Street and West Third Street, in Dayton, Montgomery County, Ohio, when Dayton Police Officer Matthew P. Brown opened fire on him with his firearm. This action seeks to address the misconduct that caused Jamar Johnson's devastating and preventable injuries.

## JURISDICTION AND VENUE

2. This action is brought pursuant to Ohio law. Jurisdiction is appropriate as these claims rose from events occurring in the State of Ohio, Plaintiff is a resident of Ohio, and at all times mentioned herein, Defendants either resided in or conducted business in the State of Ohio.

3. Venue is appropriate as this cause of action arose in Montgomery County, Ohio.

## THE PARTIES

4. Plaintiff, Jamar Johnson, is a resident of Montgomery County, Ohio and a citizen of the State of Ohio at the time of his injury.

5. Defendant Matthew P. Brown is a person and was at all times relevant to this action employed by the Dayton Police Department ("DPD"), as a police officer and acting under color of law. He is sued in his individual and official capacities.

6. Defendant Kamran Afzal, Chief of the Dayton Police Department, is a person and was at all times relevant to this action employed by the Dayton Police Department as Chief of Police and was responsible for supervising activities and subsequently ratified the conduct and activities of Officer Brown, and acting under color of law. He is sued in his individual and official capacities

2

7. The City of Dayton is a unit of local government organized under the law of the State of Ohio. Defendant at all times relevant to this case acted under color of law.

8. Defendants John and Jane Does were persons who were employed by the DPD and were responsible for supervising the activities of the DPD, including Police Officer Brown, and who were acting under color of law. They are each sued in his/her individual and official capacity.

## **FACTS**

9. In the early afternoon of July 24, 2025, Mr. Johnson was driving his vehicle, traveling West on West Third Street in Dayton, Montgomery County, Ohio and collided with a vehicle also traveling West on West Third Street and a parked vehicle on or about the vicinity of 1017 W. Third Street, in the City of Dayton, Montgomery County, Ohio.

10. The parked vehicle was unoccupied and the driver of the other vehicle reported no injuries.

11. After briefly waiting, Mr. Johnson began to leave the scene on foot, walking in a westward direction towards North Williams Street and then traveling North on North Williams Street and then turning in a Western direction onto French Lane.

12. Officer Brown, along with Dayton Police Officer Cody B. Lindsey, were driving West on West Third Street when they arrived at the area of the collision approximately as Mr. Johnson was reaching North Williams Street and began a pursuit of him, driving through the intersection with North Williams Street, turning their vehicle North onto North Williams Street, then stopping their police vehicle in the North Williams Street roadway, exiting the vehicle, and both officers continuing the pursuit on foot.

13. Officer Brown and Officer Lindsey chased Mr. Johnson onto French Lane, where Mr. Johnson was running West with his back to the officers and had a handgun in his right hand, pointing at the ground.

14. Mr. Johnson stopped by a sewer grate in the middle of French Lane and attempted to discard the gun in the sewer, continuing to have his back towards the officers and his gun pointed away from the officers or any other person.

15. While attempting to discard the gun in the sewer grate, Mr. Johnson was shot multiple times by Officer Brown in the back and arm.

3

16. During the entire incident, Mr. Johnson never pointed his handgun at Officer Brown, Officer Lindsey, or any other individual.

17. Defendants initiated deadly force against Mr. Johnson without justification.

18. As a direct and proximate result of the conduct of Defendants Brown and Does, Mr. Johnson suffered physical injury, pain and suffering caused by the gunshots from Officer Brown's firearm. The source of this claim is the aforementioned personal physical injury of Mr. Johnson.

## FIRST CAUSE OF ACTION – ASSAULT AND BATTERY: EXCESSIVE FORCE

19. Plaintiff incorporates all foregoing paragraphs of his Complaint by references as if fully rewritten herein.

20. At all times relevant herein, the Defendants had a duty to the public at large, including Mr. Johnson, to act in a lawful and reasonable manner and to not act in a negligent, grossly negligent, willful, wanton, reckless, intentional, extreme, and/or outrageous manner.

21. Defendant Brown with malicious purpose in bad faith and a willful, wanton, and/or reckless manner brutally attacked and shot Mr. Johnson.

22. Mr. Johnson was paralyzed as a result of the injuries sustained during Defendant Brown's attack and use of deadly force.

23. As a direct and proximate result of all Defendants' negligent, grossly negligent, reckless, willful, wanton, intentional, extreme, and/or outrageous acts, Jamar Johnson sustained injuries including but not limited to:

    a. Conscious pain and suffering, past and future;

    b. Medical and hospital expenses in excess of $766,490.12 and future medical related expenses in excess of $1,000,000.00.

    c. Past and future loss of earnings in excess of $3,845,400.00

    d. Emotional and psychological damages.

## SECOND CAUSE OF ACTION – CLAIM FOR EXCESSIVE FORCE §1983

24. Plaintiff incorporates all foregoing paragraphs of his Complaint by references as if fully rewritten herein.

25. Defendant Brown was carrying out a governmental function in employing the excessive use of force resulting in severe injuries to Mr. Johnson.

26. Mr. Johnson posed no threat to the officer but was shot multiple times in the back. The actions taken by Defendant Brown were excessive and objectively unreasonable under clearly established law.

27. The Defendant has, under color of law, deprived Plaintiff of clearly established rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to be free of seizures without probable cause and to be free of excessive force.

28. As a direct and proximate result of all Defendants' negligent, grossly negligent, reckless, willful, wanton, extreme, and/or outrageous acts, Jamar Johnson sustained injuries including but not limited to:

    a. Conscious pain and suffering, past and future;

    b. Medical and hospital expenses in excess of $766,490.12 and future medical related expenses in excess of $1,000,000.00.

    c. Past and future loss of earnings in excess of $3,845,400.00

    d. Emotional and psychological damages.

## THIRD CAUSE OF ACTION – WANTON, WILLFUL, RECKLESS AND /OR NEGLIGENT CONDUCT

29. Plaintiff incorporates all foregoing paragraphs of his Complaint by references as if fully rewritten herein.

30. The Defendants acted negligently, willfully, wantonly, recklessly, intentionally, extremely, and/or outrageously in committing the acts alleged in this Complaint, which resulted in the injuries to Jamar Johnson.

5

31. The Defendants owed Jamar Johnson a duty of care, they breached that duty, and their breach of duty was the proximate cause of Jamar Johnson's injuries, including but not limited to gunshot wounds and his paralysis.

32. As a direct and proximate result of the negligent, grossly negligent, willful, wanton, reckless, intentional, extreme, and/or outrageous actions of Defendants as alleged in this Complaint, individually and/or jointly, Jamar Johnson suffered severe injuries, including but not limited to gunshot wounds and paralysis.

33. As a direct and proximate result of all Defendants' negligent, grossly negligent, reckless, willful, wanton, intentional, extreme, and/or outrageous acts, Jamar Johnson sustained injuries including but not limited to:

    a. Conscious pain and suffering, past and future;

    b. Medical and hospital expenses in excess of $766,490.12 and future medical related expenses in excess of $1,000,000.00.

    c. Past and future loss of earnings in excess of $3,845,400.00

    d. Emotional and psychological damages.

## FOURTH CAUSE OF ACTION – MUNICIPAL LIABILITY UNDER 42 U.S.C. 1983 AND THE FOURTH AMENDMENT

34. Plaintiff incorporates all foregoing paragraphs of his Complaint by references as if fully rewritten herein.

35. At all relevant times mentioned herein, the City of Dayton employed Defendant Brown as a police officer with the DPD. The City of Dayton provided this employee with an official badge, identification, and uniform, which designated and described him as a City of Dayton and DPD employee.

36. Based upon the principles set forth in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), the City of Dayton is liable for the injuries of Jamar Johnson as set forth herein.

37. The policies, practices and/or customs of the DPD were the moving force behind the excessive force used to cause Mr. Johnson's injuries.

38. Despite the facts and circumstances surrounding the shooting of Jamar Johnson, that clearly demonstrate the shooting was unreasonable and unlawful, upon information and belief, Defendants the City of Dayton, DPD, and Chief Kamran Afzal have failed

to meaningfully investigate the excessive use of force, impose any discipline on Defendants Brown and Does, and thereby ratified the actions of these Defendants.

39. Additionally, the City of Dayton, through the DPD under the control and leadership of Kamran Afzal, maintained or permitted one or more of the following official policies, customs, or practices which included, *inter alia,* deliberately indifferent to the constitutional rights of persons to be free from unreasonable deadly force, such as Mr. Johnson:

   a. Failure to provide adequate training and supervision to police officers with respect to constitutional limits on use of force;

   b. Failure to adequately discipline or retrain officers involved in misconduct;

   c. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

   d. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint;

   e. Law Enforcement Code of Silence; and/or

   f. Failure to properly and meaningfully investigate the shootings of civilians, particularly young Black men.

40. These policies, practices, actions, and customs were the moving force behind, *inter alia*, the unreasonable shooting of Jamar Johnson, and together were the direct and proximate cause of the unconstitutional acts committed in this case and the severe injuries sustained by Jamar Johnson.

**WHEREFORE,** Plaintiff, Jamar Johnson, demands a judgment against Defendants, Matthew P. Brown, Chief Kamran Afzal, the City of Dayton, and John and Janes Does, jointly and severally, in an amount in excess of $25,000.00, plus interest, punitive damages in an amount in excess of $25,000, attorney fees and costs of this action, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**DYER, GAROFALO, MANN & SCHULTZ**

/s/Kenneth J. Ignozzi
Kenneth J. Ignozzi (0055431)
Attorney for Plaintiff
131 N. Ludlow Street, Suite 1400
Dayton, Ohio  45402
(937)223-8888
Fax # (937) 824-8630
kignozzi@dgmslaw.com

## JURY DEMAND

Now comes the Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/Kenneth J. Ignozzi
Kenneth J. Ignozzi (0055431)
Attorney for Plaintiff

8